IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DARRELL GOODMAN, § § §<br>　　Plaintiff, § §<br>v. § §<br>RELIANCE STANDARD LIFE § INSURANCE COMPANY, § §<br>　　Defendant. § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PRELIMINARY STATEMENT**

1.　　Plaintiff DARRELL GOODMAN, hereinafter referred to as "Plaintiff," brings this ERISA action against Reliance Standard Life Insurance Company, in its capacity as Administrator of the Levingston Group, LLC Long Term Disability Plan, hereinafter referred to as "Defendant".  Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant.  Plaintiff is covered under the policy by virtue of his employment with Levingston Group, LLC.

**PARTIES**

2.　　Plaintiff is a citizen and resident of DeQuincy, Louisiana.

3.　　Defendant is a properly organized business entity doing business in the State of Louisiana.

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the Western District of Louisiana. Defendant may be served with process by serving its registered agent, C T Corporation System, 3867 Plaza Tower Drive, East Baton Rouge Parish, Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Western District of Louisiana is proper by virtue of Defendant doing business in the Western District of Louisiana. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United*

*States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979*). See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993).  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant.  *Varsic*, 607 F.2d at 248."  *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007).  Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*.  Here, Defendant is "found" within the Western District of Louisiana, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## **CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8.  Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective August 1, 2010.

9.  The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Levingston Group, LLC at the time of Plaintiff's onset of disability.

10.  Under the terms of the policy, Defendant administered the Plan and

3

retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 52 year old man previously employed by Levingston Group, LLC as a "Piping/Mechanical Designer/Estimator."

17. Piping/Mechanical Designer/Estimator is classified under the Dictionary of Occupational Titles as Sedentary to Light with an SVP of 7 and considered to be skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on July 23, 2014 as on this date Plaintiff suffered from respiratory failure and cardiogenic

shock.

19. Plaintiff alleges that he became disabled on July 23, 2014.

20. Plaintiff filed for short term disability benefits with Defendant on October 22, 2014.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23. On April 26, 2016, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

25. If granted the plan would pay monthly benefit of $6,031.54.

26. On June 15, 2016, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

29. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the

Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

30. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31. On or about February 10, 2016, Defendant's internal consultant, John J. Zurick, M.Ed., LPC, CRC, senior rehabilitation specialist, performed a paper review of Plaintiff's claim file.

32. On or about March 27, 2017, Defendant's internal consultant, Jody Barach, MS, LPC, CCM, manager, vocational services, performed a paper review of Plaintiff's claim file.

33. Defendant's consultants completed their reports without examining Plaintiff.

34. On March 28, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

35. Defendant also notified Plaintiff on March 28, 2017 that Plaintiff had exhausted his administrative remedies.

36. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

37. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## **MEDICAL FACTS**

38. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

39. Plaintiff suffers from heart disease, ventricular fibrillation, and a heart attack, requiring a pacemaker, and a defibrillator implant.

40. Treating physicians document continued chronic pain, as well as weakness.

41. Plaintiff's multiple disorders have resulted in restrictions in activity, and have significantly curtailed his ability to engage in any form of exertional activity.

42. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

43. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

44. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

45. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

46. Plaintiff's documented pain is so severe that it impairs his ability to

maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

47. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

48. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

49. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

50. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

51. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

52. Defendant's determination was influenced by its conflict of interest.

53. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

54. The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

55. A physical examination, with a full file review, provides an evaluator with

more information than a medical file review alone.

56. More information promotes accurate claims assessment.

57. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

58. Plaintiff incorporates those allegations contained in paragraphs 1 through 57 as though set forth at length herein.

59. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

   a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

   b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

   c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

   d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

60. Plaintiff repeats and realleges the allegations of paragraphs 1 through 59 above.

61. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past short term and long term disability benefits retroactive to October 22, 2016 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

    E.    For such other relief as may be deemed just and proper by the Court.

Dated: Baton Rouge, Louisiana
       May 8, 2018

                         Respectfully submitted,

By:   s/J. Price McNamara
       J. Price McNamara
       Law Office of J. Price McNamara
       La. Bar No. 20291
       Pricemcnamara@yahoo.com
       10455 Jefferson Highway, Suite 2B
       Baton Rouge, LA  70809
       Telephone: 225.201.8311
       Facsimile: 225.201.8313
       ATTORNEY-IN-CHARGE
       FOR PLAINTIFF,
       DARRELL GOODMAN