UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DARRELL GOODMAN** | **CASE NO. 6:18-CV-00623** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **RELIANCE STANDARD LIFE INSURANCE CO** | **MAGISTRATE JUDGE HANNA** |

**REASONS FOR DECISION**

Presently before the court are two cross motions for summary judgment: the Motion for Summary Judgment [doc. 13] filed by Reliance Standard Life Insurance Co. ("Reliance") and the Amended Motion for Summary Judgment [doc. 19] filed by Darrell Goodman ("Plaintiff"). As explained below, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Reliance's Motion for Summary Judgment.

**I.**
**BACKGROUND**

This Complaint was filed by plaintiff, Darrell Goodman, pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought ... (1) by a participant or by a beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The parties have stipulated that the case is covered by ERISA. Plaintiff asserts that Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA.

1

Reliance Standard Life Insurance Company issued long term disability policy number VPL 300743 with an effective date of August 1, 2010, to Levingston Group, LLC.[1] The policy pays eligible Levingston Group employees monthly benefits if the insured "is Totally Disabled as the result of a Sickness or Injury covered by this Policy."[2] "Total Disability" means that "during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation" and that after the 24 months, "an Insured cannot perform the material duties of Any Occupation which provides substantially the Case 6:18-cv-00623-RRS-PJH Document 19-1 Filed 11/07/18 Page 1 of 8 PageID #: 824 2 same earning capacity."[3] Darrell Goodman was hired by Levingston Group on April 1, 2011 and became insured under policy number VPL 300743 on May 1, 2011.[4] Mr. Goodman alleges he became unable to work on July 23, 2014 due to multiple heart attacks, heart failure, respiratory failure, and cardiogenic shock.[5] Reliance initially approved Mr. Goodman's claim for long term disability (LTD) benefits stating his disability "began on July 23, 2014."[6] On October 21, 2016, according to the terms of Reliance's policy, the definition of "Total Disability" changed from being able to perform one's regular occupation to being unable to perform any occupation which provides substantially the same earning capacity.[7] On April 26, 2016, Reliance sent Mr. Goodman a letter stating he no longer eligible for LTD benefits beyond October 21, 2016 because they had concluded he could perform other occupations.[8] Mr. Goodman appealed the denial in a letter dated

---

[1] Doc. 19-1, paragraph 1.
[2] Id., paragraph 2.
[3] Id., paragraph 3.
[4] Id. paragraph 4.
[5] Id., paragraph 5.
[6] Id., paragraph 6.
[7] Id., paragraph 7.
[8] Id., paragraph 11.

June 15, 2016.[9] Reliance obtained an independent medical examination using a third party.[10] Brian Barrilleaux, M.D., Board Certified in Internal Medicine, reviewed Plaintiff's medical records and examined him on February 24, 2017.[11] Dr. Barrilleaux concluded that Plaintiff "has the capacity to resume full-time work with few restrictions."[12] On March 27, 2017, Reliance's vocational staff performed another Residual Employability Analysis based on the limitations identified by Dr. Barrilleaux and concluded that, in addition to the sedentary occupations previously identified, Plaintiff can perform the light level functions of his prior occupation.[13] By letter dated March 28, 2017, Reliance upheld the decision to terminate benefits effective October 21, 2016, exhausting Plaintiff's administrative level appeals.[14] This lawsuit followed.

## II.
## LAW

### A. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the

---

[9] Id., paragraph 12.
[10] Doc. 13-1, paragraph 29.
[11] Id., paragraph 30.
[12] Id., paragraph 34.
[13] Id., paragraph 35.
[14] Id., paragraph 36.

3

> nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**B.  Standard of Review**

The Supreme Court has held that the de novo standard applies to adjudication of ERISA benefit disputes unless the plan documents give "the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 111-115 (1989). If the court determines that the plan administrator has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, courts then base their review of both the legal and factual aspects of the

administrator's decision under an abuse of discretion standard. *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004). When a court reviews the administrator's decision to determine if it was arbitrary and capricious, it affirms the administrator's decision if it was supported by substantial evidence. *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010) (citing *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 246 (5th Cir. 2009)). Reliance Standard has discretionary authority to interpret the terms of the policy and to make benefit eligibility determinations.[15] The only issue, therefore, is whether the denial of benefits was arbitrary and capricious. Review of this question is limited to the record that was before Reliance at the time it made its final claim decisions.[16] If Reliance's decision "is supported by substantial evidence and is not arbitrary or capricious, it must prevail."[17] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Reliance's decision can only be deemed arbitrary "if made without a rational connection between the known facts and the decision or between the found facts and the evidence."[19] Under the abuse of discretion standard, a court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness — even if on the low end."[20]

### C. Conflict of Interest

*Metropolitan Life Insurance, Co. v. Glenn* requires a reviewing court to consider conflicts of interest as a factor in their analysis. 554 U.S. 105, 128 (2008). In *Glenn*, the Supreme Court

---

[15] Administrative Record [doc. 9], AR14.
[16] See *Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999)(abrogated on other grounds).
[17] *Schexnayder v. Hartford Life & Acc. Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010) (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004)).
[18] *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002)
[19] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999)
[20] *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389 (5th Cir. 2007).

addressed the issue of "whether a plan administrator that both evaluates and pays claims operates under a conflict of interest in making discretionary benefit determinations," and if so, how that conflict should be taken into account on judicial review. *Id.* at 2350. The Court held that a conflict of interest does exist where "the entity that administers the plan . . . both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Id.* The Court further held that "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits." *Id.* The Fifth Circuit has applied a "sliding scale standard" where an administrator is self-interested, so that the administrator's decision is given less than full deference. *Vega*, 188 F.3rd at 295-97. "The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be." *Id.* at 297. In cases where an administrator's dual role establishes a potential conflict of interest, but the plaintiff presents no further evidence with respect to the degree that a conflict exists, the Fifth Circuit has held that the administrator's decision should be reviewed "with only a modicum less deference than we otherwise would."[21] Here, Reliance is self-interested because it both insures and administers the plan. However, apart from Reliance's dual role, Plaintiff presents no further evidence on the degree of the conflict or how that conflict affected Reliance's decision.[22] Accordingly, Reliance's decision must be viewed "with only a modicum less" deference than would be applied absent Reliance's dual role.

---

[21] See *Corry*, 499 F.3d at 398 (quoting *Vega*, 188 F. 3d at 301).
[22] *Id.*

# III.
## ANALYSIS

Before claiming disability, Plaintiff was employed in an occupation requiring both sedentary and light level duties.[23] Reliance paid benefits to Plaintiff for twenty-four months beginning on October 21, 2014. During that period of time, the policy defined disability as an inability to perform the material duties of his Regular Occupation.[24] Commencing on October 21, 2016, after the initial twenty-four-month period, the standard became whether Plaintiff was capable of performing the material duties of *any* occupation that provided substantially the same earning capacity.[25] Reliance's vocational staff identified several alternative sedentary occupations which would satisfy this standard.[26]

Plaintiff argues that Reliance failed to consider the limitations and restrictions noted by his treating physicians and gave too much weight to the opinion of Dr. Barrilleaux, the independent physician hired by Reliance. The Court has reviewed the entire administrative record. That record reflects that Reliance did in fact consider the opinions of Plaintiff's treating physicians. On April 26, 2016, Reliance sent Plaintiff a detailed letter explaining the reasons why he would no longer satisfy the definition of "total disability" beyond October 21, 2016.[27] In that letter, Reliance makes numerous references to the medical reports and opinions of Plaintiff's treating physicians. That letter was sent prior to the independent medical examination by Dr. Barrilleaux.

---

[23] AR 186-191, 464, 582.
[24] AR 10, 641-644.
[25] AR 10, 641-644, 666-670.
[26] AR 465, 584.
[27] AR 641-644.

While the opinions of Plaintiff's treating physicians did suggest certain physical limitations for employment, the documentation from those physicians also included some information which contradicted those limitations. For example, in Dr. Turner's March 18, 2015 treatment note, the doctor notes that Plaintiff "is walking up to 2 miles a day on a treadmill and is experiencing no angina."[28] While Plaintiff argues that the note was not completely accurate as he was only able to walk that much under certain conditions, the contemporaneous treatment note must be taken into consideration. Further, a July 30, 2015 treatment note prepared by Dr. Delgado includes: "Denies: Chest Pain, Shortness of Breath…doing ok no op or sob is active ef 40s known cad and doe with chores around the house."[29] Plaintiff reported told Dr. Thomas on November 5, 2015 that he was "feeling fine currently."[30] Though on that same day, Dr. Thomas completed a statement declaring Plaintiff to be "permanent[ly] disabled."[31] This statement was based upon Plaintiff's complaint of "limited walking and standing tolerance" and "very limited and pulling ability and other activities that are associated with heavy exertion."[32]

The record shows that Reliance did in fact consider the medical records and opinions of Plaintiff's treating physicians. In addition, after determining that Plaintiff would no longer satisfy the definition of "total disability" beyond October 21, 2016, Reliance sought and obtained an independent medical review. Dr. Barrilleaux examined the records of Plaintiff's treating physicians and also performed a physical examination of Plaintiff. Dr. Barrilleaux concluded that Plaintiff is capable of working in a medium strength level capacity.[33] According to Dr. Barrilleaux,

---

[28] AR 457.
[29] AR445.
[30] AR430.

[31] AR 497.
[32] AR430.
[33] AR 567-577.

Plaintiff's "coronary artery disease ...remains stable and asymptomatic."[34] Plaintiff's "ischemic cardiomyopathy had been treated up to the time in question, and Mr. Goodman appears to have enjoyed excellent recovery."[35] Relative to arrhythmias, Plaintiff "had received an implantable defibrillator" and he told Dr. Barrilleaux (consistent with the medical records) that "he had no arrhythmias and no occasions for the implanted defibrillator to shock him."[36] Dr. Barrilleaux noted that Plaintiff underwent cardiac stress testing on August 17, 2016 and September 13, 2016 and noted that "[b]oth of these tests show excellent results that do not support any symptoms referable to heart disease."[37] Dr. Barrilleaux's report also noted that "there was no apparent exercise intolerance. There was no apparent dizziness, ataxia or balance difficulty, even with the challenges of an uphill stress test Bruce protocol."[38] Nor was there, according to Dr. Barrilleaux, "substantiation in the medical record for any weakness."[39] Based on his review of the records and his examination, Dr. Barrilleaux concluded that Plaintiff "has the capacity to resume full-time work with few restrictions."[40]

Plaintiff argues that Reliance's decision was arbitrary and capricious because it gave more weight to the conclusions of Dr. Barrilleaux than to Plaintiff's treating physicians. However, as the Fifth Circuit has noted, "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans."[41] ERISA does not require that plan administrators "accord special deference to the opinions of treating physicians."[42] Nor does ERISA "impose a heightened burden of explanation on administrators

---

[34] AR574.
[35] Id.
[36] Id.
[37] AR575.
[38] Id.
[39] Id.
[40] AR576.
[41] *Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d at 401.
[42] *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003).

when they reject a treating physician's opinion."[43] The Court finds that the decision of Reliance was supported by substantial evidence and was not arbitrary and capricious. Accordingly, Reliance is entitled to summary judgment in its favor.

For the foregoing reasons, the Motion for Summary Judgment [doc. 13] filed by Reliance is **GRANTED**; and the Amended Motion for Summary Judgment [doc. 19] filed by Plaintiff is **DENIED**. A separate judgment in conformity with the foregoing reasons will be entered.

THUS DONE in Chambers on this 5th day of November, 2019.

Robert R. Summerhays
United States District Judge

---

[43] *Id.*